IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

JOSE VELASQUEZ,

       Defendant.

Crim. No. 15-3230 MV

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Jose Velasquez's Objections to Presentencing Report, Sentencing Memorandum and Request for Variance (Doc. 53) ("Request for Variance") filed January 20, 2017, and the Government's Motion to Strike Defendant's Motion for Downward Variance (Doc. 54) ("Motion to Strike") filed January 30, 2017. For the reasons set forth below, the Government's Motion to Strike is denied and Mr. Velasquez's Request for Variance is granted.

### **Background**

On September 10, 2015, an Indictment was filed in this Court charging Mr. Velasquez with one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 4). On May 12, 2016, Mr. Velasquez entered into a Plea Agreement with the Government pursuant to Fed. R. Crim. P. 11(c)(1)(C),. (Doc. 44). In the Plea Agreement, the parties stipulated that a sentence of fifteen years was the appropriate disposition of the case, and no further reduction would occur. *Id.* at 4. Additionally, Mr. Velasquez agreed not to seek a downward departure or variance from the Guideline History Category, and further agreed that if he did so, the Government would have the right to treat the

plea agreement as null and void and to proceed to trial on all charges before the Court. *Id.* at 5.

On September 2, 2016, the United States Probation Office filed a Presentence Investigation Report ("PSR") in which it concluded that Mr. Velasquez was an armed career criminal and subject to an enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 47 at 6). This conclusion was based on three previous state court criminal convictions: a 2006 conviction for Armed Robbery; a 2007 conviction for Armed Robbery with a Deadly Weapon; and a 2013 conviction for Aggravated Battery Upon a Peace Officer. *Id.* at 9. As a result, the Probation Office recommended a five-year enhancement, for a total sentence of 15 years.

In his Request for Variance, Mr. Velasquez argued that he could not be sentenced as an armed career criminal under the ACCA because in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2251 (June 26, 2015), the United States Supreme Court had struck down the residual clause of the act (18 U.S.C. § 924(e)(2)(B)(ii)), and his state convictions for armed robbery were not "violent felonies" under § 924(e)(2)(B)(i). (Doc. 53 at 1-8). He asked that he be sentenced to no more than eight years imprisonment. *Id.* at 15.

The Government moved to strike Mr. Velasquez's request for a downward variance, arguing it was filed in violation of his promises in the plea agreement. (Doc. 54 at 1). Alternatively, the Government requested that if the Court rejects the plea agreement, it explicitly note that it is doing so at Mr. Velasquez's written motion, and that Mr. Velasquez may choose to plead guilty without an agreement or proceed to trial. *Id.* at 2.

## Discussion

The ACCA provides that a person who violates 18 U.SC. § 922(g) and has three prior convictions for a "violent felony" or "serious drug offense" is subject to a minimum term of

imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). Under the ACCA, the term "violent felony" means

> Any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, or attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subpart (i) of this definition is known as the "elements clause" or "force clause"; the non-italicized portion of subpart (ii) is known as the "enumerated offenses clause"; and, the italicized portion of subpart (ii) is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556; *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016). In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague, but left its enumerated offenses and elements clauses intact. 135 S. Ct. at 2557, 2563.

In *United States v. King*, , this Court, in its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, concluded that New Mexico armed robbery is not a crime of violence under the under the ACCA clause. Case 1:16-cv-501-MV-KK, Doc. 18. Accordingly, it found that after *Johnson*, New Mexico armed robbery no longer qualifies as a violent felony under the ACCA, and the Court could no longer rely on the defendant's prior conviction of the offense to enhance his sentence. *Id.* at 29.

Consistent with its decision in *King*, the Court concludes that Mr. Velasquez's state court convictions for armed robbery do not qualify as violent felonies under the ACCA, and accordingly, do not support an enhancement to his sentence.

3

Moreover, it is apparent from the record that, at the time Mr. Velasquez entered into the plea agreement, neither he nor his attorney were aware of the *Johnson* decision and its implications for his case—specifically, that the two state court armed robbery convictions did not qualify as violent felonies under the ACCA. To enforce the plea agreement under these circumstances would result in a miscarriage of justice.

## Conclusion

The Government's Motion to Strike (Doc. 54) is denied. Mr. Velasquez's Request for Variance (Doc. 53) is granted in part. The United States Probation Office is directed to prepare an addendum to the PSR reflecting the Court's determination that Mr. Velasquez is not eligible for an enhancement pursuant to 18 U.S.C. § 924(e). The sentencing date of June 8, 2017, is hereby vacated and will be reset after the addendum to the PSR is completed, and the parties have had an opportunity to respond to it.

IT IS SO ORDERED.

Dated this 18th day of May, 2017.

_____
MARTHA VÁZQUEZ
United States District Judge

AUSA Paul Mysliwiec
Attorney for Plaintiff

AFPD Devon Fooks
Attorney for Defendant